

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 25, 2015

**BY EMAIL**

The Honorable Sarah Netburn
United States Magistrate Judge
40 Foley Square
New York, NY 10007

    Re:    *United States* v. *Jeff C. Yin*,
              **15 Mag. 3369**

Dear Judge Netburn:

    The Government respectfully writes to provide the Court with additional facts that have come to light since the defendant's September 19, 2015 arrest and bail hearing (the "Bail Hearing"), which the Government believes support ordering that the defendant be detained. As set forth in greater detail below, the defendant made specific and repeated material misrepresentations to arresting officers and the Court regarding his access both to foreign travel documents and to resources. These misrepresentations enhance the already significant risk of flight described by the Government at the Bail Hearing.

    Following the Bail Hearing, the Government obtained a search warrant for a travel bag belonging to the defendant (the "Defendant's Bag"), which an associate of the defendant's had been holding for safekeeping. Items found in the Defendant's Bag show that the defendant lied repeatedly to the Federal Bureau of Investigation ("FBI") agents who interviewed him after his arrest, to Pretrial Services, and to the Court, related to facts highly relevant to his risk of flight.

    First, during the Bail Hearing, the defendant proffered to the Court (through his counsel) that "the only passport [he] has is a passport issued by the United States Government." (Bail Hearing Tr. 8 (Ex. A).) The defendant had previously made the same representation to the FBI during his post-arrest interview. ((Ex. B) ("Q. You have one passport? Yin: Yeah. Q. Any other passports in any different names? A. No.").) According to the Pretrial Services Officer who interviewed the defendant, the defendant repeated the same representation—that he had only one passport, a United States one—to Pretrial Services before his Bail Hearing. These statements to the Court, FBI, and Pretrial Services were all false.

    During the search of the Defendant's Bag, FBI agents found a Chinese passport for the defendant. (Ex. C.) The passport was issued in April 2007, and is valid until April 2017. There is no credible innocent explanation for the defendant's repeated statements denying the existence

Honorable Sarah Netburn
United States Magistrate Judge
September 25, 2015
Page 2

of this passport. The passport was in a bag that defendant brought with him to New York just a few days earlier, along with several other documents belonging to the defendant, including his own wallet. His intentional failure to inform the agents, Pretrial Services, or the Court that he had *another* passport, from a foreign country—the very country the Government argued at the Bail Hearing he was likely to flee to—confirms that the defendant not only has the ability to flee the United States, but intended to do so.

Nor is it sufficient that law enforcement now has custody of the defendant's second passport, a foreign one, because no conditions of release can reasonably ensure that the defendant, directly, or through associates, would not seek to obtain a replacement, to be able to return to the country where he has made his home for years, is well-connected, and can live comfortably. Indeed, the defendant's second passport was obtained from the Chinese consulate in Los Angeles, California. (Ex. C.) And if the defendant has lied about the existence of one passport in his name, the Court can have no confidence in any representation by the defendant that this was the only other passport he maintained or in the truth of the defendant's representations more generally.

Second, additional items found in the Defendant's Bag show that he minimized his access to financial resources in an effort to secure release on bail. Although the defendant told both Pretrial Services and the Court that he has about "20 to $35,000 all told" (Bail Hearing Tr. 18), agents founds in the Defendant's Bag, among other things, more than $15,000 in U.S. currency, five credit cards and/or bank cards from China-based institutions with U.S. branches, and a safe deposit box key for a box at a Manhattan branch of a Chinese bank for which Yin is one of the signatories on the account. It is not credible that the defendant was carrying nearly half of his allegedly small net worth, in cash, during a short trip to New York. Rather, as asserted by the Government, the defendant has access to large amounts of cash through both his professional connections and co-conspirators, more than enough to flee and sustain himself outside of the United States.

Finally, the defendant now has more reason to flee the jurisdiction than he did following the initial bail hearing, as the Government has seized and obtained a search warrant of the Defendant's Bag—which contained, among other things, a laptop computer and electronic media—facts demonstrating to the defendant that the investigation is ongoing and additional charges could be brought and/or additional evidence obtained relating to the existing charges.

Honorable Sarah Netburn
United States Magistrate Judge
September 25, 2015
Page 3

      For the foregoing reasons, and those previously set forth at the September 19, 2015 Bail Hearing, the Government respectfully submits that no conditions can be set to ensure the defendant's appearance in Court. Accordingly, the Court should order him detained.

      The Government further respectfully requests that the Court stay the defendant's release pending a ruling on the Government's application. The Government believes that a stay is particularly appropriate because the Government learned today that, if the defendant is released today, Pretrial Services intends to permit the defendant to set up electronic monitoring on his own on Monday in California, which means the defendant would be unmonitored for approximately 72 hours.

      Respectfully submitted,

      PREET BHARARA
      United States Attorney

By:    s/ Daniel C. Richenthal
        Daniel C. Richenthal/Rahul Mukhi/Janis M. Echenberg
        Assistant United States Attorneys
        (212) 637-2109/1581/2597

cc:    Sabrina P. Shroff, Esq.



